TALIAFERRO, Judge.
By this suit plaintiff seeks judgment for balance due by the defendants, L. W. Nelson and W. E. Woodruff, formerly constituting the ordinary partnership of Nelson and Woodruff, on open account, for lumber sold and delivered. The balance sued for is $654.89. The total charges amounted to $1,819.89. During trial it developed that defendants were entitled to an additional credit of $125 and remittitur for that amount was, in open court, entered, leaving in controversy $529.89.
Defendants not only deny owing plaintiff any amount whatever, but, as we interpret .their answer, deny that they ever bought any lumber from him. They do not, alternatively, or otherwise, plead payment of the amount for which they are sued. They do- allege that “plaintiff should be required to make full and strict proof of his claim.”
There was judgment condemning the defendants jointly to pay to plaintiff the sum of $529.89, with legal interest from judicial demand. Only Woodruff appealed.
,. Issues - of fact exclusively are involved. These were all resolved against .the defendants. :
The account sued on arose during the months of July and August, 1947: During these months the erstwhile partnership was engaged in the business of erecting houses under contracts. Plaintiff, at the time, owned and operated a small sawmill, some sixteen miles from' the City of Alexandria, Louisiana, wherein the partnership was conducting its business operations. Mr. Wood-ruff interviewed plaintiff concerning the sale and delivery to the partnership of some of the lumber, then needed in the construction of two residences for a man by the name of Nixon. An agreement was reached. Plaintiff immediately began deliveries to the site of the two buildings. As to the time of payment of the price of the lumber, it was agreed that 75 per cent thereof would be made on or near the date of each delivery and as to payment of the balance, there is some difference between plaintiff and defendants. The former testified that the balance was to be paid when the buildings were completed. Mr. Wood-ruff says that it was agreed that such balance was to be paid when the last delivery was made and contends that the *628 payment of $265 on August 29th extinguished the -balance due. No objection was made to testimony to support this position, although no plea of payment was interposed.
According to the account sued on and introduced in evidence :by the plaintiff, there was delivered to the partnership 30,-650 feet of lumber. Some of it was charged for at $65 per thousand board feet, and some at $45. Plaintiff used his own truck to haul the lumber. It was delivered in quantities and dimensions as requested. In all, deliveries were made on eleven different dates, beginning July 3d and ending August 25th. A man 'by the name of Lloyd Denny operated the truck in each delivery.
It is admitted by both sides that the method of business "employed by each in connection with the transactions from which this suit arose was not of the best, but, in fact, was extremely crude. Plaintiff checked, or had checked, the lumber as it was loaded onto the truck by recording the number of pieces -and dimensions of each piece in a note book or otherwise, and thereafter transferred this data to another book. When the lumber was delivered to the building site, Denny did not give to either member of the partnership or any other person acting for it, nor was such asked of him, any writing to show the quantity of lumber delivered. No check was then and there made of it. Some deliveries were made- during -afternoons, when work for the day had ceased, while others were made after nightfall when no one was on the ground. From this method of business it is certain that neither defendant ever knew how much -lumber was actually delivered for the account of the partnership, nor do they testify that they ever knew.
Plaintiff and Denny testified that each piece of lumber charged to the partnership was loaded onto the truck and Denny testified positively that this same lumber was delivered iby him to the site of the buildings. He knew there was about 30,000 feet delivered as he was being paid 'by the thousand board feet for his services as truck operator. The testimony of plaintiff and Denny makes out a strong prima facie case. Defendants have offered no evidence whatever of probative worth that to any material extent overcomes this prima facie case.
Defendants point to the length of time plaintiff delayed in filing this suit, some twenty months after -completion -of the buildings, as throwing a shadow upon the sincerity of his contention. There is difference between the parties as regards the rendition by plaintiff of a statement of account between them. This is not material to the issues. Defendants did not plead lack of amicable demand for payment of the ’ account. Plaintiff had three years in which to enforce his rights judicially.
It appears, as so often happens under such circumstances, that after the dissolution of the partnership the account due plaintiff was, in a -manner, lost sight of as a partnership liability!
The partnership was dissolved after completion of the Nixon buildings. The members were sued as commercial partners, but were condemned jointly, this 'being the measure of their liability as ordinary partners.
For the reasons herein assigned, the judgment from which appealed, is affirmed with costs.